## FIVEASH et al. v. WILLIS et al.
### (No. 1040–4954.)

Commission of Appeals of Texas, Section A.
Jan. 18, 1928.

**Judgment** ⚖➾720—Adjudication of certain lands to plaintiff, asserting fee-simple title, held to conclude defendant's claim under prior compromise agreement.

Judgment awarding certain lands to plaintiff, asserting fee-simple title thereto, involved every claim of title by defendant, and hence rendered res judicata his claim under prior instrument compromising and settling dispute with plaintiff as to title.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Trespass to try title by C. C. Willis and others against R. Fiveash and others. A judgment for defendants was reversed, and the cause remanded by the Court of Civil Appeals (297 S. W. 509), and defendants bring error. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.

McCartney, Foster, & McGee of Brownwood, and Critz & Woodward, of Coleman, for plaintiffs in error.

T. C. Wilkinson, Wilkinson & Wilkinson and R. E. Lee, all of Brownwood, for defendants in error.

HARVEY, P. J. This is a suit in trespass to try title brought by the defendants in error, as heirs of J. A. Willis, deceased, to recover of the plaintiffs in error an undivided one-twelfth interest in a certain tract of 100 acres of land in Brown county. The trial court rendered judgment for the plaintiffs in error, and upon appeal the Court of Civil Appeals reversed that judgment and remanded the cause. 297 S. W. 509.

The material facts are substantially as follows: A. J. Willis was married twice. By his first marriage he had a son, J. A. Willis. After the death of his first wife, A. J. Willis married M. M. Willis, by whom he had 11 children. A short time prior to October, 1892, A. J. Willis died intestate, leaving surviving him his widow, M. M. Willis, and his 12 children. At the time of his death he was possessed of various tracts of land, including the 100 acres involved in the present suit. A dispute thereafter arose between J. A. Willis and his stepmother, M. M. Willis, as to whether any portion of said lands was community property of A. J. Willis and his first wife, the mother of J. A. Willis. This dispute was settled on October 19, 1892, by J. A. Willis, and M. M. Willis executing the following instrument:

"Whereas, there is existing between J. A. Willis and M. M. Willis a dispute about certain property belonging to the estate of A. J. Willis, deceased, said dispute being as to whether or not said property was the separate property of A. J. Willis, and the community of A. J. Willis and Lucinda Willis, first wife of A. J. Willis, or the community property of A. J. Willis and M. M. Willis, surviving widow of A. J. Willis; and

"Whereas, the said J. A. Willis and M. M. Willis have this day compromised and forever settled all differences and disputes between them:

"Now this instrument does therefore witness and fully set out the aforementioned agreement and compromise.

"J. A. Willis agrees to accept and does accept an equal child's part with his half brothers and sisters of all of his father's estate and for that purpose and for the consideration hereinafter expressed agrees to consider and assent to the contention that all of the real and personal property owned by A. J. Willis was the community property of M. M. Willis and A. J. Willis. And the said M. M. Willis, for and in consideration of the concession and agreement on the part of A. J. Willis hereinbefore stated, agrees to give, bequeath, sell, convey, and does hereby sell, convey, and transfer to the said J. A. Willis a full and equal one-twelfth undivided interest in and to all of her interest in and to all of her one-half of the said community estate. This conveyance is not to take effect until the death of the said M. M. Willis and at the death of the said M. M. Willis, then the said J. A. Willis is entitled, and it is hereby understood that then he is to have possession of the said one-twelfth undivided interest herein conveyed equally with his said half brothers and sisters. [Here follows a description of various lands including the lands in question.]"

On November 4, 1892, M. M. Willis brought suit in trespass to try title, in the district court of Brown county, against J. A. Willis and the 11 children of A. J. Willis and M. M. Willis, for the recovery of the several tracts of land described in the above instrument. Her petition in said suit was in the usual form of a petition in an action of trespass to try title, and alleged fee-simple title in the plaintiff to all the lands described in her petition; and, in addition to a prayer for recovery of the lands from the defendants

therein, the petition contained a prayer "for partition." What answer the defendants in that suit made is not disclosed by the record before us. But on January 23, 1893, the court entered judgment in said suit, in which is recited the appearance of all parties and their announcement of ready for trial. The recitals of said judgment further show that the court, "after hearing the pleadings of the parties, the evidence and argument of counsel," adjudged to M. M. Willis an undivided one-half interest in the lands described in the plaintiff's petition, which lands are set out and described in such judgment, and the other undivided half interest in· said lands was adjudged to the defendants J. A. Willis and his codefendants, jointly. The judgment further decreed that said lands "be divided into two equal shares, one of which shall go to the plaintiff and the other to the defendants, jointly, and R. Y. Cross, W. C. Duff, and W. A. Hudson be and they are hereby appointed commissioners to partition said land in accordance herewith, and to make report of their action hereunder at the present term of this court." The commissioners thus appointed filed their report, in due form, on January 23, 1893, in which several of said tracts of land, including the 100 acres involved in the present suit, were allotted to the plaintiff M. M. Willis, and the remaining tracts were allotted to J. A. Willis and his codefendants, jointly. On January 24, 1893, the court entered judgment confirming the report of the commissioners. This judgment, in specific terms, adjudges that "the plaintiff Mrs. M. M. Willis shall have and recover of and from the defendants" the 100 acres here involved, as well as other tracts of land which are described, and also that J. A. Willis and his codefendants "shall have and recover of and from the plaintiff M. M. Willis" the remaining tracts involved in that suit, which tracts are described. There are recitals in the report of the commissioners, as well as in the last-mentioned judgment, to the effect that the subject-matter of the partition there made was "the community estate of A. J. Willis, deceased, and M. M. Willis."

The plaintiffs in error hold the 100 acres in controversy here, under chain of title emanating from M. M. Willis subsequent to the last-mentioned judgment. The defendants in error, as heirs of J. A. Willis, deceased, are asserting claim to an undivided one-twelfth interest in the 100 acres in question.

The basis of their claim is the instrument executed by J. A. Willis and M. M. Willis on October 19, 1892, hereinabove set out. They contend, in effect, that such rights as accrued to J. A. Willis under that instrument, in the community interest of Mrs. M. M. Willis in the lands of herself and her deceased husband, A. J. Willis, were not concluded by the judgments rendered in the above-mentioned suit brought by Mrs. M. M. Willis in November, 1892. This contention of the defendants in error is without merit. In that suit the plaintiff therein, Mrs. M. M. Willis, asserted fee-simple title to the lands sued for. As to the lands adjudged to her in the suit, the court resolved that issue in her favor. That adjudication necessarily involved every claim of title which J. A. Willis then held to the lands which were adjudged to Mrs. Willis (Hardy v. Beaty, 84 Tex. 568, 19 S. W. 778, 31 Am. St. Rep. 80; Titus v. Johnson, 50 Tex. 238; Moody v. Holcomb, 26 Tex. 719; Rains v. Wheeler, 76 Tex. 392, 13 S. W. 324), and his claim under the instrument of date October 19, 1892, became res judicata (Nichols v. Dibrell, 61 Tex. 541; Beaumont Irrigating Co. v. Delaune, 107 Tex. 384, 180 S. W 98; Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330).

If the pleading in that suit had not presented for adjudication the claim of Mrs. Willis to fee-simple title in the lands that were adjudged to her, and the suit had been one simply for partition of her community interest in the lands from that held by J. A. Willis and his codefendants under inheritance from A. J. Willis, a different question would be before us. For in such a case the question would have arisen as to whether or not the provisions of article 6100 of the Statutes, which invest a judgment confirming the report of commissioners in partition with the legal effect of a deed, are qualified by those of article 6098, which secure the rights of reversioners and remaindermen from prejudice. That question does not arise in this case, however, and we express no opinion regarding it.

We recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court, be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.