**STARK et al. v. HARDY et al.** (No. 1851.)

Court of Civil Appeals of Texas. Beaumont.
July 20, 1929.

Rehearing Denied July 24, 1929.

Kennerly, Williams, Lee, Hill & Sears, of Houston, and Holland & Cousins, of Beaumont, for plaintiffs in error.

J. A. Mooney and Adams & Hamilton, all of Jasper, for defendants in error.

HIGHTOWER, C. J. This appeal is from a judgment of the district court of Newton county awarding the appellees, who were the plaintiffs below, a recovery of the title and possession of 160 acres undivided interest in the Anderson Barclay survey of 320 acres in Newton county. Appellants were the defendants, and it was admitted at the commencement of the trial that the record title to the land in controversy was in appellants subject to being defeated by proof that appellees had acquired title under the 10-year statute of limitation. Appellees pleaded title under the 3, 5, and 10 years' statutes of limitation (Rev. St. 1925, arts. 5507, 5509, 5510), but the record shows that they really claimed title to the land in controversy under the 10 years' statute, and the evidence was confined to that term of limitation (Rev. St. 1925, art. 5510). Appellants, after formal plea of general denial and plea of not guilty, also specially pleaded title in themselves under the 3, 5, and 10 years' statutes of limitation, and by way of cross-action, in form of trespass to try title, prayed for recovery of the land and again specially averred title in themselves under all the statutes of limitation.

The case was tried with a jury, whose verdict consisted of answers to the two following questions:

"Question No. 1. Did the plaintiffs, or those through whom they claimed, or by tenants of said claimants, have and hold peaceable and adverse possession of the land described in plaintiffs' petition using, cultivating and enjoying the same, and claiming the same for a period of ten consecutive years prior to the filing of this suit?"

"Question No. 2. Was the possession of the land described in plaintiffs' petition, and the acts of the said parties in possession of such a nature and character as to put a reasonably prudent person on notice that the said parties in possession were occupying the same by themselves, or through tenants, and claiming 160 acres of said land?"

To guide the jury in answering these questions the trial court gave the statutory definition of "adverse possession," about which there is no complaint, and the court also properly defined the term "visible appropriation," and there is no complaint by appellants as to this.

The court then further instructed the jury as follows: "You are further instructed that by the term 'claim of right' as used herein, is meant that the possession must have commenced and continued under a claim of ownership of the land."

The court further instructed the jury:

"You are further instructed that by the term 'hostile' is meant an occupancy of the premises under a holding by the possessor as owner, and, therefore, against all other claimants of the land."

The court then properly defined "peaceable possession," and there is no complaint in that connection.

The record in this case shows that one of the links in the chain of title of appellants is a conveyance from one W. S. Herndon and S. B. Cooper. Upon the trial, after appellants had introduced the agreement of parties admitting the record title to the land in controversy to be in appellants, appellants then offered in evidence a judgment or order of the district court of Newton county dated March 27, 1896, rendered in cause No. 508, styled Martha Ann Hays et al. v. W. S. Herndon and S. B. Cooper. That judgment or order is very brief, and we set it out in full, as follows:

"Martha Ann Hays et al. v. W. S. Herndon and S. B. Cooper. No. 508. March 27, 1896. 5th day of the Term. This day this cause came on to be tried and both plaintiffs and defendants appeared by their attorneys of record and announced ready for trial, waived a jury, and submitted the matters in controversy as well at law as of facts to the court, and after hearing the evidence: Then came the plaintiffs and announced to the court that they would no further prosecute this their said suit. It is therefore ordered by the court that the plaintiffs Martha Ann Hays and her husband J. L. Hays take nothing by their said suit. It is further ordered that the defendants S. B. Cooper and W. S. Herndon do have and recover of the plaintiffs Martha Ann Hays and J. L. Hays all costs in this behalf expended by them, for which let execution issue. It is further ordered that execution in favor of the officers of the court against each party respectively for the costs by them accrued in this behalf."

The appellees in this case claim the 160 acres undivided interest in the Anderson Barclay survey in Newton county as the only heirs of John Lane Hardy and Martha Ann Hardy, who were the father and mother respectively of the appellees. The undisputed evidence in the record shows that John Lane Hardy and Martha Ann Hardy were in possession of the land in controversy continuously from about the 1st of December, 1873, until about the 1st of March, 1884, and the evidence further shows that this possession was peaceable and was sufficient in the character of the use made of the premises to confer title under the 10 years' statute in the possessors. The evidence further shows that, when John Lane Hardy and wife moved from the land in question in March, 1884, they still kept active control of the land, renting it to tenants, who cultivated, used, and enjoyed the land every year until 1890; since which date the record does not reflect what character of use was made of the land. The evidence was amply sufficient to show that during all the time that John Lane Hardy was in possession of the land in controversy he claimed an undivided interest of 160 acres in the tract and that he continued to claim this 160 acres up to the time of his death in 1890.

The record shows that shortly after John Lane Hardy's death in 1890 Mrs. Hardy, his surviving wife, married one J. L. Hays, and on June 27, 1894, Mrs. Hays, joined pro forma by her then husband, filed a suit in the district court of Newton county, being No. 508 on the docket and styled Martha Ann Hays et al. v. W. S. Herndon and S. B. Cooper. That is the suit in which the judgment or order that we have copied hereinabove was made. The original petition in that case was not offered in evidence upon the trial of this case, it being admitted by the parties to the present suit that the original petition of the plaintiffs in that case was lost and could not be found. However, the defendants in this case offered in evidence the citations that were issued to Herndon and Cooper, and these citations reflect the fact that cause No. 508, Martha Ann Hays et al. v. W. S. Herndon and S. B. Cooper, was an action of trespass to try title by Mrs. Hays and her husband against Herndon and Cooper for the 160 acres of land now in controversy in this suit. Appellants in this suit also offered in evidence upon the trial the answers filed by Herndon and Cooper in cause 508, and these answers reflect the fact that Herndon and Cooper merely answered by general denial and plea of not guilty and made no claim for affirmative relief of any kind.

After appellants, upon the trial of this case, had introduced in evidence the judgment or order that we have copied hereinabove in the old cause of Hays and others v. Herndon and Cooper, the appellees in this case, over objection of appellants, offered and introduced in evidence an original docket entry in cause No. 508, Martha Ann Hays et al. v. W. S. Herndon and S. B. Cooper, reading as follows: "3/27/96. Plaintiffs take non-suit." Counsel for appellants in this case contend by their first proposition that the trial court was in error in refusing to peremptorily instruct a verdict in favor of appellants for a one-half undivided interest in the land sued for by appellees upon the theory that the judgment or order which we have copied above in the old suit of Martha Ann Hays et al., against Herndon and Cooper divested the title of Mrs. Hays, out of her, even if she had already acquired title by limitation, and that the appellees in this case, claiming as her heirs, could not recover anything through her. Counsel for appellants assert in substance that the above judgment or order, as we have copied it, was just as effectual to bar ever afterwards any claim of title by Mrs. Hays or any claim of title by her heirs, claiming

through her, as if that judgment or order had been an affirmative recovery against Mrs. Hays by Herndon and Cooper in the old suit. The trial court in this case was of the opinion and held that the judgment or order which we have copied above in the old suit of Hays and others against Herndon and Cooper, when read in the light of other portions of the record introduced in that case, including the original docket entry as we have copied it above, was nothing more than an order for a nonsuit and did not, therefore, affect the interest of Mrs. Hays in the land involved in that suit, and that, therefore, whatever interest Mrs. Hays, the mother of appellees, had ever owned in the land in controversy was vested in her heirs after her death.

■ We think the trial court correctly construed the judgment or order in the old suit and that it was nothing more than an order granting leave to Mrs Hays and her then husband to take a nonsuit, as claimed by the appellees in this case. Without aid from other portions of the record in the old suit the judgment or order relied upon by appellants in the old suit would not have even been admissible in this suit, because it describes no land whatever. The docket entry introduced by appellees in this case bearing the same date of the judgment or order that was introduced by appellants shows plainly that the plaintiffs, Mrs. Hays and husband, in the old suit took and were granted a nonsuit, and that the title to none of the land in controversy was adjudicated by the court, but that only a judgment for costs against Mrs. Hays and husband was rendered in favor of the defendants Herndon and Cooper in the old suit. These conclusions dispose of the first and second contentions made by appellants, and they are overruled.

Upon the trial of this case below appellants proved by Hon. J. T. Beaty that in the fall of 1883 or spring of 1884 he (Beaty), at the request of an attorney who then lived at Jasper, Tex., and who represented W. S. Herndon, went to see John Lane Hardy, who was then living upon the land now in controversy with his family, for the purpose of ascertaining what claim, if any, Hardy was making to the land. Senator Beaty testified, in substance, that he asked Hardy at that time if he was asserting any claim of title to the land upon which he was then living, and that he was informed by Hardy that he was not asserting any claim to the land. Senator Beaty could not be definite as to the time when he had this conversation with John Lane Hardy, but it was either in the late fall or winter of 1883 or early spring of 1884, but it is certain that Hardy was at that time occupying the land as he had been doing for many years.

■ Now upon the trial of this case counsel for appellants requested the trial court to give the following special charge: "Gentlemen of the Jury: You are instructed that in answering Question No. 1 submitted to you by the Court, you must determine whether or not the possession of John Lane Hardy of the land in controversy was adverse, and in determining this you must determine from the evidence whether or not at the time he was in possession he stated to the witness Beaty that he was not claiming as against the owners of the land the title to same and that he would move his improvements off if the persons whom the witness Beaty was representing should purchase such land; and if you find that said John Lane Hardy did make such statement to the witness Beaty at such time then you will answer Question No. 1 in the negative."

We have already shown above what question No. 1 was, as submitted to the jury. It is clear that this requested charge was not for the purpose of defining any legal term used by the court in his instructions to the jury. Where a case is submitted upon special issues it is provided by statute (article 2189) that the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. All of the appellate courts hold, without exception, that special charges should never be given where the case is submitted upon special issues, except in so far as is necessary to enable the jury to understand legal terms and definitions used in the court's instructions.

■■ We further hold that the court was not in error in refusing to give this special charge requested by appellants, for the reason that it singled out the testimony of the witness Beaty and was calculated to give it undue prominence before the jury, and the rule is that the trial court should never, in any case, single out any particular testimony of any witness and give it such prominence.

There was another special charge requested by counsel for appellants to practically the same effect as the one we have just copied above, and this was refused by the trial court. For the same reasons we think that the trial court was correct in refusing both these special charges:

■ It is further contended by counsel for appellant that the trial court was in error in refusing the following special issue requested by them: "Do you believe from the evidence that John Lane Hardy while occupying the land sued for and before he had occupied the same for a period of ten years said in answer to inquiries that he did not claim the land being occupied by him?"

We think that this so-called requested issue had really no more effect than to call attention of the jury to the testimony of the witness Beaty as to the conversation he had with John Lane Hardy in the fall of 1873 or the spring of 1874, and for that reason the court was not in error in refusing it. No other witness testified upon the point at all except Hon. J. T. Beaty, and the jury would have been bound to know that the court had in

mind the testimony of Senator Beaty if he had submitted this so-called special issue. It must be remembered, which fact this record discloses, that at the time Senator Beaty claims to have had the conversation with John Lane Hardy that he testified that neither Herndon nor Cooper had acquired any interest in this land and they did not acquire any interest in it for nearly 4 years after Senator Beaty claims to have had this conversation with John Lane Hardy. We are not unmindful of the rule, well settled in this state, that where one in possession of another man's land, when that possession is questioned, admits to the owner that he is setting up no claim to the true owner and recognizes his title, it stops the running of limitation in favor of the possessor, and in order to thereafter acquire title by adverse possession it would be necessary for the naked possessor to show that he had in some way repudiated his nonclaim of title and had been claiming again adversely for the required period to give him title, but such is not the case here.

We have already carried this opinion to greater length than perhaps was necessary, and think what we have said has the effect to dispose of all contentions made by counsel for appellants, and it follows from our conclusions that the judgment ought to be affirmed, and it has been so ordered.