### STARK et al. v. HARDY et al.

No. 1388—5568.

Commission of Appeals of Texas, Section A.

June 25, 1930.

Holland & Cousins, of Beaumont, and Kennerly, Williams, Lee, Hill & Sears, of Houston, for plaintiffs in error.

Adams & Hamilton, of Jasper, and J. A. Mooney, of Woodville, for defendants in error.

HARVEY, P. J.

This is a suit in trespass to try title, brought by the defendants in error, J. T. Hardy and others, against the plaintiffs in error, W. H. Stark and others, to recover an undivided interest of 160 acres in the Anderson Barclay survey No. 320 in Newton county. The plaintiffs in the suit rely on a title by limitation of ten years. The defendants, in addition to defensive matters, set up a cross-action of trespass to try title. The case was tried to a jury on special issues, resulting in a verdict in favor of the plaintiffs. Judgment was rendered for the plaintiffs for the land sued for. The Court of Civil Appeals affirmed this judgment. 19 S.W.(2d) 394.

One of the special issues submitted to the jury reads as follows: "Question No. 1. Did the plaintiffs, or those through whom they claimed, or by tenants of said claimants, have and hold peaceable and adverse possession of the land described in the plaintiffs' petition, using, cultivating and enjoying the same for a period of ten years prior to the filing of this suit." The jury answered this in the affirmative.

The court also gave to the jury the following explanatory charges, among others:

"You are instructed that 'adverse possession', as that term is used in Question No. 1, is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

"You are further instructed that by the term 'claim of right' as used herein, is meant that the possession must have been commenced and continued under a claim of ownership of the land."

"You are further instructed that by the term 'hostile' is meant an occupancy of the premises under a holding by the possessor as owner, and therefore against all other claimants of the land."

The material facts are substantially as follows: The plaintiffs in error hold the title to the land in controversy under regular chain of conveyances, except in so far as same may be defeated by the ten-year limitation title claimed by the defendants in error. Deeds constituting links in the chain of title of the plaintiffs in error show that, on May 2, 1884, S. B. Cooper acquired the record title to an undivided half of the Anderson Barclay 320-acre survey, and that on January 23, 1888, W. S. Herndon acquired the record title to the other undivided half interest. Such limitation title as the defendants in error have descended to them from their father and mother, John Lane Hardy and Martha Ann Hardy. The testimony introduced in behalf of the defendants in error shows that John Lane Hardy and his wife, Martha Ann, held peaceable and adverse possession of a part of the Barclay survey, claiming ownership of an undivided 160 acres thereof, from about December 1, 1873, to the year 1890. Prior to March, 1884, Hardy and wife occupied the land in person; and after that time, up to the year 1890, it was occupied by their tenants. J. T. Beaty, a witness for the plaintiffs in error, testified that in the fall of 1883 or the spring of 1884, he, at the request of an attorney who represented W. S. Herndon, went to see John Lane Hardy, who was then living on the land, for the purpose of ascertaining what claim, if any, Hardy was making to the land, and that Hardy told him that he (Hardy) was not claiming the land.

John Lane Hardy died in the year 1890, and his widow, the mother of these defendants in error, married one J. L. Hays. On June 27, 1894, Mrs. Hays, joined pro forma by her husband, J. L. Hays, brought suit against W. S. Herndon and S. B. Cooper, in the district court of Newton county, for the recovery of the land in controversy in the present suit. On March 27, 1896, the following judgment was entered by said court in said suit:

"March 27, 1896
"5th day of the Term.

"Martha Ann Hays et al. vs. W. S. Herndon and S. B. Cooper. No. 508

"This day this cause came on to be tried and both plaintiffs and defendants appeared by their attorneys of record and announced ready for trial, waived a jury, and submitted

the matters in controversy as well at law as of facts to the court, and after hearing the evidence: Then came the plaintiffs and announced to the court that they would no further prosecute this their said suit. It is therefore ordered by the court that the plaintiffs Martha Ann Hays and her husband J. L. Hays take nothing by their said suit. It is further ordered that the defendants S. B. Cooper and W. S. Herndon do have and recover of the plaintiffs Martha Ann Hays and J. L. Hays all costs in this behalf expended by them, for which let execution issue. It is further ordered that execution in favor of the officers of the court against each party respectively for the costs by them accrued in this behalf."

Over the objection of the plaintiffs in error, the following docket entry, in the above cause, was introduced in evidence: "3/27/96. Plaintiffs take a non-suit."

 It is contended that the judgment set out above is not a judgment on the merits of the suit, but in legal effect is merely an order of nonsuit. The contention is overruled. A judgment in a suit of trespass to try title, which, in terms, adjudges that the plaintiff "take nothing," is conclusive of all claims of the plaintiff to the premises in controversy. French v. Olive, 67 Tex. 401, 3 S. W. 568. Such are the terms and legal effect of the judgment rendered by the court in the above suit. Even though it should be conceded that the fact recitals contained in the judgment entry show, of themselves, that the court rendered an erroneous judgment, still they do not show that the judgment is void. The mere announcement of the plaintiffs that they would prosecute their suit no further, did not divest the court of jurisdiction of the parties and the subject-matter of the suit; the court therefore had the power to render the judgment it did. There is no room left, on the face of the judgment entry, for an implication that the court granted permission for a nonsuit. And the entry on the court's trial docket cannot vary the legal effect of the judgment which was actually rendered and entered, as shown by the judgment record.

A matured title by limitation to an undivided half interest in the land in controversy was held by Mrs. Hays when the above-mentioned judgment was rendered. By said judgment Mrs. Hays, and those who claim in privity with her, became forever estopped, as against Herndon and Cooper or their privies, from asserting any title which she then held. Nichols v. Dibrell, 61 Tex. 539. The limitation title to an undivided half interest in the land, which was held by Mrs. Hays prior to the rendition of said judgment, is not available to the defendants in error, either as a ground of defense or of recovery.

The plaintiffs in error complain of the action of the trial court in refusing their request that the following special issue be submitted to the jury: "Do you believe from the evidence that John Lane Hardy, while occupying the land sued for, and before he had occupied same for a period of ten years, said in answer to inquiries that he did not claim the land being occupied by him."

 The only issue raised by the testimony upon which this requested special issue could bear is the issue of adverse possession of the land by John Lane Hardy. There is no evidence of any declaration of Hardy that he did not claim the land he was occupying, except the declaration to that effect which he made to Beaty. And since Herndon, for whom Beaty was acting at the time, was then a stranger to the title, and is not shown to have been prejudiced in any way by Hardy's declaration to Beaty, no issue of estoppel is raised. The requested special issue therefore related merely to an evidentiary matter bearing on the issue of adverse possession, and did not embody an "issue of fact" such as the statutes require to be submitted to the jury. The trial court did not err in refusing the requested special issue. Transportation Co. v. Winters (Tex. Com. App.) 222 S. W. 541.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be set aside, and that judgment be here rendered in favor of the defendants in error for an undivided half of the land sued for, and in favor of the plaintiffs in error for the other undivided half.

CURETON, C. J.

Judgment of the Court of Civil Appeals set aside, and judgment rendered as recommended by the Commission of Appeals.