**BALCOM et ux. v. CAIN et al.**

No. 9477.

Court of Civil Appeals of Texas. San Antonio.

March 6, 1935.

Rehearing Denied April 17, 1935.

Tom S. Henderson, Jr., Boone, Henderson, Boone & Davis, and R. B. King, all of Corpus Christi, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.

BICKETT, Chief Justice.

George S. Balcom, the plaintiff in this action of trespass to try title, has appealed from a judgment of the district court, which denied any recovery to him against any of the defendants, and which decreed that the title of the defendant A. K. Stratton be quieted. The correctness of the judgment depends upon the conclusive effect of the judgment in either one of two former cases.

The record title, so far as here material, will be stated. J. O. Brouse was the common source of title. Brouse and wife, Belle Brouse, executed and delivered to George R. Clark, trustee, a deed of trust, dated June 6, 1928, conveying the property in question, in order to secure the payment of a note executed by Brouse, for the principal sum of $1,000, dated June 6, 1928, payable one year after date thereof to Nellie Whalen, or order. Nellie Whalen transferred the note and lien to A. K. Stratton on June 5, 1931. Balcom sued Brouse upon a debt in the justice court, and caused a writ of attachment to be levied on the property on September 18, 1928; Balcom recovered judgment against Brouse for the debt and for foreclosure of the attachment lien on December 11, 1930; and Balcom became the purchaser under sheriff's sale on April 7, 1931, as shown by sheriff's deed dated April 13, 1931. Brouse and wife conveyed to Reed Automobile Company, Inc., by general warranty deed, dated September 22, 1928. And Reed Automobile Company, Inc., conveyed to A. K. Stratton by general warranty deed, dated November 12, 1932, reciting the consideration to be the cancellation of the note above described.

P. J. Cain, one of the defendants in this case, entered into possession of the land in January, 1931, as the tenant of Reed Automobile Company, Inc., and remained in possession until the time of the trial as the tenant of Stratton.

The first case, the judgment in which is here pleaded by Stratton in defense against Balcom, was No. 11968–B, G. S. Balcom v. P. J. Cain and Reed Automobile Company, Inc., in the 117th district court. The petition in that case, filed May 26, 1931, was in the form of an action in trespass to try title. Stratton was not a party. The defendants, Cain and Reed Automobile Company, Inc., answered by a general demurrer, a plea of not guilty, and a cross-action in the form of an action in trespass to try title. Balcom filed a motion on August 18, 1931, alleging that the property had been sold on August 4, 1931, to Stratton under the power contained in the deed of trust from Brouse and wife to Clark, trustee, that the legal title to and sole right of possession of the property thereby became divested out of each and all of the parties to the suit and became vested in Stratton, that the question of the title to and possession of the land had become moot, that there was nothing for the court to adjudicate, and that, therefore, the case should be dismissed. On the same date the court entered judgment upon the motion, reciting the substance of its allegations and dismissing the cause of action asserted by the plaintiff, as well as that asserted by the defendants, at the cost of the plaintiff. There was no proceeding, by appeal or otherwise, to set aside or vacate that judgment.

The second case, the judgment in which is here pleaded by Stratton in defense against Balcom, was No. 12272–A, George Balcom v. A. K. Stratton, Reed Automobile Company, Inc., De Witt Reed, and P. J. Cain, in the Twenty-Eighth district court. The purpose of that case was to recover judgment for $2,034.43, the alleged excess, over and above Stratton's lien debt, resulting from a bid of $3,100 made by Stratton at an alleged sale of the property by Clark, trustee, on August 4, 1931. The petition in that case, filed July 6, 1932, alleged: That Balcom instituted the suit in the justice court, caused the writ of attachment to be levied upon the land, recovered judgment for his debt and for foreclosure of the attachment lien, and became the purchaser of the property at sheriff's sale under the judgment; that Clark, trustee, in pursuance of the terms of the deed of trust, offered the property for sale to satisfy Stratton's lien debt on August 4, 1931; that Stratton bid $3,100 at the sale; that the trustee struck off and sold the property to Stratton upon the bid; that Stratton, although obligated to pay $2,034.43, the excess of his bid over his debt, to the trustee, paid no part of his bid; that the trustee resigned, and failed to execute and deliver a deed to Stratton; that Balcom was the owner in fee simple of the property at the time of the trustee's sale, and was entitled to recover the excess amount of the bid; that, if Stratton did not bid upon his own account, he did so for one of the

other defendants, who became liable upon the bid. The prayer of the petition was for the recovery of a money judgment in the sum of $2,034.43, with interest thereon from August 4, 1931. The defendants' answer consisted of a general demurrer, special exceptions, a plea of not guilty, and a general denial. The first special exception was to the effect that the allegations of the petition as to the attachment bond were conclusions; the second, that the allegations as to the justice court judgment showed laches so as to render it ineffective; the third, that the allegations as to the provisions of the justice court judgment were conclusions. The remaining special exceptions presented objections to features of the petition other than the assertion by Balcom of title in himself; for example, the substantial objection was raised that no trustee's sale was consummated. The court rendered judgment on October 27, 1932, that the general demurrer and all of the special exceptions be sustained, and the plaintiff having refused to amend, that the cause be dismissed at plaintiff's cost. Balcom did not appeal from that judgment, nor did he attempt in any other way to have it set aside.

The facts as to the alleged trustee's sale were: That the trustee advertised and offered the property for sale on August 4, 1931, to satisfy Stratton's lien debt; that Stratton bid $3,100; that the trustee struck off the property and declared it sold to Stratton for that bid; that Stratton did not pay nor offer to pay any part of his bid; that the trustee resigned, and did not at any time execute a deed to Stratton.

In this case Balcom's petition, filed June 13, 1933, is in the ordinary form of an action of trespass to try title. Stratton's answer, in addition to a general demurrer, a general denial, and a plea of not guilty, specially pleads that each of the judgments in the causes No. 11968–B and No. 12272–A is res judicata as to the want of title in Balcom as against Stratton, and that there is an estoppel against Balcom by virtue of each of those judgments. Stratton's cross-action, seeking to quiet the title, is upon the same basis as his special answer. The jury, in response to a peremptory instruction, returned a verdict that Balcom take nothing by his suit. And judgment was, accordingly, entered December 6, 1933, denying a recovery to Balcom and quieting the title of Stratton.

■ For an issue to be considered as res judicata by reason of a judgment in a former action it is necessary that in the two actions there be an identity of subject-matter, of cause of action, of persons and of parties, and of capacity of parties. 15 Ruling Case Law, § 429, p. 952; Jackson v. Cable (Tex. Civ. App.) 27 S. W. 201.

■ Applying the general rule to the contention that the issue of title is res judicata by reason of the judgment in the first case, No. 11968–B, it is apparent that there was no identity of parties in the two cases. In the first one Stratton was not a party; in this one he is a defendant. He did not have his day in court in the first case, and is not bound upon the theory of res judicata by the judgment rendered in it.

■ Similarly, the contention that the question of title is res judicata on account of the judgment in the second case, No. 12272–A, is untenable, for there is no identity of subject-matter or of cause of action in that case and in this one. The subject-matter in that case was the alleged bid of Stratton at the trustee's sale; here it is the title to the property. The cause of action in the former case was the alleged right to recover upon Stratton's bid; here it is the alleged right to recover the title and possession, as well as damages. The substantial grievance in each case was not the same.

■ Aside from the theory of res judicata, which operates as a bar in a subsequent action upon the same claim or demand, a so-called estoppel by judgment arises in a later action upon a different claim or demand as to the facts or matters which were conclusively established by the former adjudication and which were essential to or necessarily involved in the judgment or decree rendered. It is only upon such matters actually litigated and determined, not as to other matters which might have been litigated and determined, that the former judgment is conclusive as an estoppel in another action. 15 Ruling Case Law, § 450, pp. 973–976; 2 Black on Judgments, § 609; 2 Freeman on Judgments, § 676, p. 1425; Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Southern Pacific R. Co. v. U. S., 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355; Bates v. Bodie, 245 U. S. 520, 38 S. Ct. 182, 62 L. Ed. 444, L. R. A. 1918C, 355; Tait v. Western Maryland R. Co., 289 U. S. 620, 53 S. Ct. 706, 77 L. Ed. 1405; Horton v. Hamilton, 20 Tex. 606; Philipowski v. Spencer, 63 Tex. 604; Willis v. Fiveash (Tex. Civ. App.) 297 S. W. 509; Id. (Tex. Com. App.) 1 S.W.(2d) 585.

■ Balcom was not estopped from asserting title in this case by reason of the judg-

ment in the first case, No. 11968–B. In that case Balcom filed a motion to dismiss upon the allegations, which he evidently believed at the time to be true, that Stratton had become the successful bidder and purchaser at a sale under a deed of trust having priority over his own title, that the issue of title had become moot, and that there was nothing before the court to adjudicate. Upon the basis of that motion, the court dismissed the case and did not adjudicate any issue of fact or law whatsoever. Jackson v. Guaranty State Bank (Tex. Civ. App.) 266 S. W. 831.

■■ Nor was Balcom estopped from asserting title in this case by reason of the judgment in the second case, No. 12272–A. The judgment in that case was one of dismissal on account of the sustaining of a general demurrer and special exceptions to Balcom's petition and his refusal to amend. A judgment upon demurrer, if it goes to the merits of an issue, may be as conclusive as a judgment upon the facts. Bomar v. Parker, 68 Tex. 435, 4 S. W. 599. The general demurrer having been sustained, the rulings sustaining the special exceptions are superfluous, except in so far as they throw light upon the grounds upon which the general demurrer was sustained. Balcom, in that case, in which he was seeking to recover the excess of Stratton's bid at the alleged trustee's sale, pleaded fully his title, including the proceedings in the justice court suit and the sheriff's deed. The special exceptions relating to those allegations of title went only to purely formal matters, and not the merits, of Balcom's title as alleged. The rulings on those special exceptions, therefore, are not indicative of the grounds upon which the general demurrer was sustained, and cannot be considered as having decided anything as to the validity or invalidity of Balcom's title. Other special exceptions, however, presented the substantial and meritorious defense that the allegations of Balcom's petition affirmatively showed that the alleged trustee's sale was never consummated, and that, therefore, there could be no cause of action to recover the excess of the bid sued for. Such special exceptions, which were, in effect, reasons or grounds of the general demurrer, show what was decided by the sustaining of the general demurrer. It is clear that there was no adjudication as to title. 2 Freeman on Judgments, 1566–1578.

■ The insufficiency of Stratton's pleas of res judicata and estoppel in this case does not warrant a court of law and equity in decreeing that the record title of Balcom, obtained under the sheriff's deed, is superior as against the lien of Stratton, fixed long prior to that deed. The undisputed facts show that Stratton's deed of trust lien was a valid first lien upon the property when Balcom purchased at sheriff's sale. Balcom has not pleaded that he has tendered payment of the debt to Stratton; and, in fact, he has not made any payment or tender of payment. Yet, he seeks to stand upon a formal trespass to try title petition and to claim the title free of the lien debt. In this he cannot succeed.

■ No less untenable is the position of Stratton, a mortgagee, who entered into possession without any foreclosure of his deed of trust lien and who now seeks by cross-action to quiet the title as against Balcom, the owner of the record title and of the equity of redemption. The deed from Reed Automobile Company, Inc., to Stratton does not avail him anything, because the conveyance to that grantor from Brouse was apparently inferior to the attachment lien previously levied and subsequently foreclosed. Stratton's position is regarded, therefore, solely as that of a mortgagee in possession. As such, he is not invested with the superior title, but simply has a superior lien. That does not entitle him to appropriate the property and defeat the equity of redemption. But, as the matter stood in the trial court, without Stratton having pleaded his affirmative equitable rights and remedies, the trial court would have been obliged to render judgment in favor of Balcom, who had the record title.

The rights and remedies of these parties are illustrated in Elliott v. C. C. Slaughter Co. (Tex. Civ. App.) 236 S. W. 1114, a parallel case. Elliott and others sued C. C. Slaughter Company in trespass to try title. The company pleaded and proved the following facts: Alley, the common source of title, executed deeds of trust on the land involved to secure the payment of notes to C. C. Slaughter; an execution on a money judgment against Alley was levied on the land, which was sold under the execution and bid in by Elliott and others; afterwards, Alley conveyed the land to Slaughter in consideration of the cancellation of the indebtedness; Slaughter had only constructive notice of the sheriff's deed to the purchasers; Slaughter conveyed to C. C. Slaughter Company. The court held, in effect, that, to prevent injustice, equity will not decree a merger, but will keep alive a debt and lien as against the inferior claim of title by the

purchaser at the execution sale. The court specifically stated: "Under the state of facts existing in this case and the law as thus declared, Slaughter should be regarded as a mortgagee in possession and the mortgagor and those holding under him would not be permitted to recover the land without payment of the indebtedness. (Citing cases). The conveyance from Slaughter to the Slaughter Company operated as an assignment of Slaughter's rights under the mortgage, though the mortgage and debt were not mentioned in the deed. (Citing cases). * * * No good reason, we think, can be assigned for refusing to extend to the Slaughter Company the same protection that equity would have extended to the grantor, C. C. Slaughter. We hold, therefore, that the mortgagee should be regarded as a mortgagee in possession with all the rights incident to such position. Even if it were true that the mortgage indebtedness had become barred by limitations, yet the defendant's right to hold possession until the debt was paid 'was wholly unaffected by the lapse of time or limitation.' "

The state of the pleadings prevents this court from here rendering the judgment in accordance with the rights and equities of the parties, and requires this court to remand the cause for amendment of the pleadings and for trial in a manner not inconsistent with this opinion.

The judgment of the district court is reversed, and the cause is remanded.

MURRAY, Justice (dissenting).

I do not concur in the above majority opinion.

It is my opinion that the judgment entered in cause No. 11968–B, on the 18th day of August, 1931, was res judicata of the fact that Balcom did not have title to this land at that time, and he would be forever barred from again adjudicating this question. It is plain that the present suit is an attempt to again adjudicate this same title, and the question of an after-acquired title is not in this case. Cause No. 11968–B was a "Trespass to Try Title Suit" between Balcom and the Reed Automobile Company, Inc., of the land herein involved. Stratton purchased from Reed Automobile Company, Inc., on November 12, 1932, after this judgment was entered, and thereby became a privy of Reed Automobile Company, Inc., and entitled to all of the benefits of the judgment in cause No. 11968–B.

Appellant Balcom filed a motion to dismiss cause No. 11968–B, including Reed Automobile Company, Inc.'s, cross-action. He stated in this motion that title to this land had been divested out of all the parties to the suit and invested in A. K. Stratton (appellee herein) as a result of a trustee's sale of the land. Reed Automobile Company, Inc., replied to the motion admitting these facts to be true. The trial judge thereupon dismissed the cause and entered a judgment to that effect. This dismissal left Reed Automobile Company, Inc., and its tenant, P. J. Cain, in possession of the land.

In entering this judgment of dismissal the court necessarily found, among other things, that on the 18th day of August, 1931, appellant, Balcom, did not have any interest in the land which is the subject-matter of this suit. Balcom did not simply take a voluntary nonsuit, but, upon the facts stated in his motion, which were admitted to be true by Reed Automobile Company, Inc., secured not only a dismissal of his own cause of action, but also of Reed Automobile Company, Inc.'s, cross-action. This motion was in the nature of a retraxit of his own cause, and a disclaimer as to the cross-action, and a judgment based thereon is a judgment on the merits and res judicata of all matters necessarily found by the court, binding upon the parties to the suit and their privies. Stratton is a privy of Reed Automobile Company, Inc., having afterwards, on November 12, 1932, purchased this land from the automobile company. 26 Tex. Jur. p. 88, § 380, p. 97, § 397, and p. 102, § 400.

The present suit was instituted by Balcom on June 13, 1933, and he again seeks to establish the fact that he had, prior to the date of the judgment in cause No. 11968–B, acquired title to this land. This judgment stands as a perpetual bar to his right to ever again litigate his right to this land, unless his claim be based upon a title acquired subsequently to this judgment. There must be an end to litigation, and a party will not be permitted to come into court and secure a dismissal not only of his own cause of action, but of the cross-action of the opposing party, upon a representation that he does not have any interest in certain land, and afterwards, without making attack upon this judgment of dismissal, institute a new suit against the same parties and their privies, setting up a title alleged to have been acquired by him prior to such judgment and necessarily held by him at the time he made the representation that he did not have any

interest in the land, and again have his former title adjudicated.

I am further of the opinion that Stratton occupies the position of a mortgagee in lawful possession, and cannot be ousted by Balcom, who claims under the mortgagor, Brouse, without tendering to Stratton the full amount due to him and secured by his mortgage.

This suit was instituted by Balcom. He put to the test his right to the title and possession of these premises. He alleged a common source of title and in attempting to prove his case he established that he was in the position of a mortgagor attempting to oust a mortgagee in possession without tendering him the amount due under his lien. The trial judge was called upon to decide which of the two, under the record made, should recover the title and possession of this land. The trial judge refused to oust the mortgagee in possession and award the land and premises to the mortgagor who had not tendered the amount due. This was the only proper judgment he could render. He could not refuse to decide the case. The majority opinion plainly states that he could not have found in favor of Balcom.

The only way this record can be changed upon another trial is for Balcom to tender to Stratton the amount due to him under his first lien. We have no assurance that Balcom will do this. He did not do so in the lower court when it was his duty to do so if he desired to assert his equity of redemption. He does not state in his brief that he is willing to make a tender, if given another chance, and does not here pray for that character of relief. It is not proper for this court to reverse and remand a judgment in order to enable a litigant to do that which he has already had an opportunity to do and has not done. Especially is this true where we have no intimation that such an opportunity is desired.

The fact that the mortgagee in possession cannot be ousted by the mortgagor or those claiming under him without a tender of the amount due under the lien is so well established that it is scarcely necessary to cite authorities. A splendid discussion of this question is found in 29 Tex. Jur. p. 881, § 70, and authorities there cited; and also in the 7th Tex. Law Review, beginning on page 170.

Reference is made in the majority opinion to the case of Elliott v. C. C. Slaughter Co. (Tex. Civ. App.) 236 S. W. 1114, as being a parallel case. The cases are parallel, and in the Elliott Case the trial judge refused to permit those standing in the shoes of the mortgagor to recover in a trespass to try title case, from those standing in the shoes of the mortgagee in possession, and such judgment was affirmed upon appeal. It is true in the Elliott Case the trial judge did order the land sold and the mortgagee first paid, any amount remaining to go to those standing in the shoes of the mortgagor. This in effect permitted the junior mortgage holder to force the senior mortgage holder to foreclose his lien. The mortgagee in possession was the only one that could complain of this action, and apparently no complaint was made. The appellate court had this to say about this phase of the case: "No question is raised by either party, though there is some such suggestion in appellees' argument, that requires us to determine whether it was necessary for the court to have decreed a sale of the premises upon failure of the plaintiffs to redeem nor is any question raised as to the assessment of the amount fixed as necessary to redeem." It is quite clear to my mind that if the question had been properly raised the court would have held in that case that it was not proper to decree the premises to be sold.

Where a plaintiff in a trespass to try title case fails to show that he is entitled to recover the land and premises sued for, the judgment should be that the plaintiff take nothing, which is equivalent to a finding in favor of the defendant. Article 7391, R. S. 1925; Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427; Provident Nat. Bank v. Webb, 60 Tex. Civ. App. 321, 128 S. W. 426; Dunn v. Land (Tex. Civ. App.) 193 S. W. 698; Woodley v. Becknell (Tex. Civ. App.) 214 S. W. 932; Taylor v. W. C. Belcher Loan & Mortgage Co. (Tex. Civ. App.) 265 S. W. 403; Stark v. Hardy (Tex. Com. App.) 29 S.W. (2d) 967, setting aside judgment, Id. (Tex. Civ. App.) 19 S.W.(2d) 394.

The trial judge rendered the only proper judgment he could render, and it should be here affirmed. I, therefore, respectfully dissent from the majority opinion.