P. J. CAIN ET AL. V. G. S. BALCOM ET UX.

No. 6954.   Decided November 24, 1937.
Rehearing overruled January 12, 1938.
(109 S. W., 2d Series, 1044.)

*Sidney P. Chandler,* of Corpus Christi, for plaintiff in error.

The evidence showing that in two prior suits judgments were entered against the plaintiff in the present suit, he can not now maintain this suit, without first having proceeded to have such judgments set aside, regardless of whether they were correct or not. Gulf Production Co. v. Palmer, 230 S. W. 1017; Hill v. Preston, 119 Texas 522, 34 S. W. (2d) 780; Smith v. Chipley, 118 Texas 415, 16 S. W. (2d) 269.

*Tom. S. Henderson, Jr.,* and *R. B. King,* both of Corpus Christi, for defendant in error.

The plaintiff having proved superior title by virtue of the levy of a writ of attachment upon the lot in controversy, and the subsequent execution sale, was entitled to an instructed verdict in this case and it was error for the court to instruct the jury to return a verdict for defendant and in refusing to instruct a verdict for plaintiff. Philipowski v. Spencer, 63 Texas 604; Kansas City v. Southern Surety Co., 51 S. W. (2d) 221; 34 C. J. 749, 756.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit of trespass to try title brought by George S. Balcom on June 13, 1933, against P. J. Cain, Reed Automobile Company, S. K. Stratton and Beitel Bros. Lumber Company. The land sought to be recovered consists of a certain city lot in Corpus Christi. The defendants Cain, Reed Automobile Company and Stratton set up in their answer, among other things, a plea of not guilty, and a special plea of res adjudicata. The case was tried before a jury, but at the conclusion of the testimony the trial court peremptorily instructed a verdict for the defendants. Judgment was entered accordingly and Balcom appealed. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 81 S. W. (2d) 827.

The main questions in the case go to the defense of res adjudicata set up by the defendants. The facts which bear on these questions are substantially as follows:

Stratton and Balcom claim under a common source; one J. O. Brouse being the common source. On June 8, 1928, Brouse and his wife executed a note for $1,000.00 to Nellie Whalen, and to secure the note they executed a deed of trust covering the land in controversy. On September 17, 1928, Balcom sued Brouse on a money claim, in a justice court of Nueces County, and the next day caused a writ of attachment to be duly issued and levied on said land. On December 11, 1930, judgment was duly rendered in said justice court suit, in favor of Balcom for the debt sued for. In the judgment the attachment lien was duly preserved. On April 7, 1931, the land was duly sold at an execution sale under said judgment. Balcom was the purchaser at said sale and the sheriff executed to him a deed to the land. In the meantime, J. O. Brouse and wife had conveyed the land to the Reed Automobile Company, by deed bearing date September 22, 1928—four days after the levy of the attachment. The Reed

Automobile Company, through its tenant, P. J. Cain, took possession of said land in January, 1931; and Cain remained in possession thereof, as the company's tenant, until November 12, 1932. On May 26, 1931, Balcom filed a suit of trespass to try title in the district court for the 117th District, in Nueces County. The suit was against Cain and the Reed Automobile Company for the recovery of said land. Cain and the company duly answered in the suit by plea of not guilty and also set up a cross action of trespass to try title. On August 4, 1931, the trustee in the Whalen deed of trust duly offered the land for sale at public auction for the purpose of satisfying the Whalen note, which note Stratton had acquired. Stratton bid the sum of $3,100.00 at said sale, and the land was struck off to him for the amount of his bid. Nothing further was done in this respect. Stratton never paid any part of his bid, never received from the trustee a deed to the land and did not go into possession of the land under said sale. On August 18, 1931, Balcom filed a motion in the suit which he had instituted in the 117th District Court, in which motion he sought the dismissal of the plaintiff's suit and the cross action of the defendants. The grounds for dismissal alleged in the motion are reflected in the judgment of dismissal which the court rendered on August 18, 1931, and which reads as follows:

"No. 11968-B       In the 117th District Court of
"Geo. S. Balcom       Nueces County, Texas.
     vs.
"P. J. Cain, et al.

"On this the 18th day of August, 1931, came on to be heard the above entitled cause, wherein Geo. S. Balcom is plaintiff and P. J. Cain and Reed Automobile Company, a corporation, are defendants, when came the respective parties by their attorneys of record therein; whereupon the attorney for plaintiff presented and urged before the Court his motion, heretofore filed therein, praying that the causes of action of both plaintiff and defendants be dismissed, alleging that since the institution of said suit the land in controversy therein was sold under a good, valid and subsisting deed of trust, which existed prior to the accrual of the alleged rights of the defendants, to one who is not a party to said suit, and that by virtue of such sale said land had become divested out of each and all parties to said suit, and that the same became vested in the purchaser at such sale, and that for such reason the subject matter of said suit had ceased to exist, and the question of the title to and possession of said land had become moot, and results in the fact that this court has nothing to adjudicate, either in favor of plaintiff and

against defendants, or in favor of defendants and against plaintiff, wherein they respectively seek recovery of the title and possession of such land; and the attorney for defendants admitting the truth of such allegations, and urging no objections thereto, it is, accordingly, ordered that plaintiff's and defendants' causes of action be and they are hereby dismissed, at the cost of plaintiff."

On July 6, 1932, Balcom filed in the district court for the 28th District, in Nueces County, a suit against Stratton, Reed Automobile Company and Cain, for the recovery of the amount of the bid made by Stratton at the trustee sale, mentioned above, to the extent that said bid exceeded the amount of the Whalen note which Stratton held. On October 27, 1932, a general demurrer to the plaintiff's petition in the last mentioned suit was sustained, and the case was dismissed. No further notice will be taken of this suit or to the judgment rendered therein, since a consideration of same is unnecessary in view of the conclusion we reach. On November 12, 1932, the Reed Automobile Company executed to Stratton a general warranty deed to the land in controversy and Cain thereafter remained in possession of said land, as Stratton's tenant, until the present suit was filed.

■■ We take up for consideration the defense of res adjudicata based on the judgment of dismissal, rendered on August 18, 1931, by the 117th District Court. In this connection, it is conceded by all parties that Stratton acquired no title under the trustee sale, hereinabove mentioned. Furthermore, inasmuch· as Stratton was not a party to the judgment of dismissal just mentioned, any right to the protection of said judgment, which he may have, pertains exclusively to his status of grantee in the deed executed to him by the Reed Automobile Company. It is thus seen that the effect of said judgment and what rights in respect to same accrued to Stratton under the deed executed to him by the Reed Automobile Company are questions which arise for decision. This calls for an examination of the rules of law relating to the subject of res adjudicata. It is firmly established that, except as to strangers, the decision of a court of competent jurisdiction is conclusive not only as to the subject matter determined, but also as to every other matter which the parties might have litigated in the case, and which they might have had decided. Nichols v. Dibrell, 61 Texas 539; Freeman v. McAninch, 87 Texas 132, 27 S. W. 97, 47 Am. St. Rep. 79; 26 Tex. Jur., pp. 135-136. The protection of such a decision, as well as its restrictions, extends not only to the immediate parties to the suit, but also to those who stand in privity with them. Privity, in this

connection, means the mutual or successive relationship to the same rights of property; that is to say, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action. Morrison v. Cloud, 13 S. W. (2d) 735, and authorities there cited. There is no escape from the conclusion that Stratton, by virtue of the deed executed to him by the Reed Automobile Company, became privy to the judgment under consideration and succeeded to all the rights pertaining to said judgment and to said land which the company had. It becomes necessary therefore to determine what rights accrued to the company by virtue of said judgment. It is to be observed that the suit in which said judgment was rendered was one of trespass to try title, instituted by Balcom against the automobile company and Cain, the tenant of the company, to recover the land. At the time said suit was commenced by Balcom, and at the time said judgment was rendered, he held the same claim of title to the land which he is urging now. Under the judgment in that suit, the right accrued to the automobile company to interpose said judgment in bar of any subsequent suit, founded on said claim of title, which Balcom might have brought against the company for the land, provided said judgment involves a decision against the merits of Balcom's claim. An inspection of said judgment leaves us in no doubt that a decision in this last mentioned respect was invoked and was made. The judgment shows on its face that the suit of Balcom and the cross action of the defendants were dismissed because neither Balcom nor the defendants had title to the land. This necessarily implies a decision in regard to the merits of their respective claims. The fact that this decision is founded on the admissions of the parties does not render the decision any less conclusive than if same had been founded on testimony adduced. The thing of paramount importance is the fact that said decision was made. Right or wrong, the decision stands as a bar to Balcom prosecuting the present suit. The fact that the judgment of dismissal is based partly on the decided fact that the Reed Automobile Company had no title is beside the question. This decided fact can not raise the bar which fell against Balcom.

For the reasons discussed the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court November 24, 1937.

Rehearing overruled January 12, 1938.