### KIRBY LUMBER CORPORATION v. SOUTHERN LUMBER CO. et al.

No. 4331.

Court of Civil Appeals of Texas.

Jan. 17, 1946.

Rehearing Denied Feb. 13, 1946.

Fountain, Cox, Gaines & Wilcox, of Houston (J. M. Slator, III, of Houston, of counsel) and J. B. Forse, of Newton, for appellant. ·

A. M. Huffman, of Beaumont, and K. W. Denman, of Lufkin, for appellees.

COE, Chief Justice.

This appeal is from a judgment of the trial court in a suit in trespass to try title brought by appellant as plaintiff in the trial court against appellees, defendants in the trial court. Appellant asserts title to an undivided 52½ acres out of a 160 acre tract in the George Clark survey in Tyler County, Texas.

This is the second appeal of this case. Our opinion on the first appeal is reported in 181 S.W.2d 859, in the case of Southern Lumber Company et al., appellees here, v. Kirby Lumber Corporation, appellant in this cause. While the facts on a former appeal are substantially the same as here presented, there is a change in the chain of title under which appellant claims because of which it contends our former opinion is not determinative of this appeal. We hesitate to again set out the facts in full but for the convenience of the parties we will do so.

John B. Lockhart, Sr., cultivated a field in the N.E. corner of the George Clark one-third league survey in Tyler County, Texas, for a period of 25 or 30 years prior to his death in March 1894. He was survived by his wife, Mary Lockhart, a son, John Lockhart, Jr., and three daughters, Mary Grimes, wife of G. W. Grimes, Elizabeth Ann (Betty) Lockhart and Mattie Lockhart. After the death of his father, John Lockhart, Jr., lived in the house, which was located on the Ives survey immediately north of and adjoining the George Clark survey, with his mother and unmarried sisters until his death on December 30, 1909, and together with his sisters cultivated the field on the Clark survey until 1905, at which time it was abandoned.

On July 29, 1903, John Lockhart, Jr., executed a deed to J. S. Pate and N. A. McNeil covering 100 acres of land out of the south part of the 160 acre tract involved herein.

On September 6, 1910, G. W. Grimes, Mary Grimes, Mrs. Mary Lockhart, Betty Lockhart, Mattie Lockhart and J. S. Pate gave a power of attorney to a lawyer named Joe W. Thomas, giving him power to sue for and recover the 160 acres of land involved in this suit, which was located in the N.E. corner of the George Clark one-third league, so as to include the improvements of the grantors situated in said N.E. corner. The power of attorney further provided that in consideration of the service performed and to be performed by said attorney "we do hereby grant, sell and convey, and by these presents have granted, sold and conveyed unto the said Joe W. Thomas ¼ undivided interest in and to the above described 160 acres of land owned and claimed by us, and ¼ of all proceeds from sale or amount recovered by suit of said land and premises."

On October 29, 1911, Betty Lockhart died without issue and without having been married, and Mrs. Mary Lockhart, surviving widow of John B. Lockhart, Sr., died intestate April 8, 1912.

In the meantime N. A. McNeil had died, leaving surviving his wife, Nannie McNeil, who later married Pederson, and a daughter, Mary Bell McNeil.

On August 30, 1912, Mattie Lockhart acknowledged tenancy to John Henry Kirby to that portion of the George Clark 1476 acre survey of which she then held possession, acknowledging in such instrument to John H. Kirby that he was the owner of said land, and agreed to look after and protect from depredation as far as she could the premises so occupied by her, and agreed to deliver possession thereof to John H. Kirby,

or his assigns, whenever requested by him or them so to do, and further stated that she did not claim any right, title or interest in and to said land except as a tenant at will and by sufferance of John H. Kirby.

On March 8, 1913, Mrs. Nannie Pederson, C. A. Pederson, Mary Bell McNeil, J. S. Pate, Joe W. Thomas, G. W. Grimes and Mary Grimes brought suit against John H. Kirby and Willie Hyman in the district court of Tyler county, in cause No. 3245, in trespass to try title to recover the land involved herein, claiming that they had matured title to same under the 10 years statute of limitation. Mattie Lockhart was not made a party to that suit.

On August 13, 1913, judgment was entered in said cause, based upon the verdict of the jury, which found that John B. Lockhart, Sr. had perfected limitation title to the 160 acre tract of land. However, the judgment only awarded to plaintiff the title and possession of an undivided 107½ acres in the 160 acre tract. Thereafter, on March 4, 1914, John Henry Kirby et al. gave to Mrs. Nannie Pederson, Mary Bell McNeil, J. S. Pate, Joe W. Thomas and Mrs. Mary Grimes a quitclaim deed covering all of the grantors' right, title and interest in and to the 160 acre tract of land involved in that suit. The appellees hold by inheritance and under a chain of conveyance from Mrs. Nannie Pederson, Mary Bell McNeil, J. S. Pate and Joe W. Thomas and Mrs. Mary Grimes.

On October 28, 1914, Mattie Lockhart conveyed to J. A. Mooney by general warranty deed an undivided 52½ acres in the 160 acre tract described in the case of Nannie Pederson et al. v. John H. Kirby et al. By deed dated July 30, 1926, J. A. Mooney conveyed his interest in this tract of land to John H. Kirby. By mesne conveyances Kirby Lumber Corporation acquired such title, if any Kirby had, to said 52½ acres. It will be noted that on the former appeal appellant's chain of title from Mattie Lockhart was the deed above referred to to J. A. Mooney and from Mooney to the Kirby Lumber Corporation, the deed from Mooney to John H. Kirby and the deed from John H. Kirby to Kirby Lumber Corporation not being in their chain of title. The question whether John B. Lockhart, Sr. had perfected title by limitation to the 160 acres of land involved in the Pederson suit was submitted to the jury who found that he had not.

Appellant's first three points of error complain of the action of the trial court in overruling their motion for an instructed verdict and overruling their exceptions to the court's charge, and in refusing to enter judgment for appellant non obstante veredicto. It contends that the jury having found in the case of Mrs. Nannie Pederson, et al. v. John H. Kirby et al. that John B. Lockhart, Sr. had perfected title by limitation to the 160 acre tract of land involved as against John H. Kirby, under whom appellant now claims, the appellees are estopped to assert that John B. Lockhart, Sr. did not have limitation title to such 160 acre tract prior to his death.

■ This same contention was made by appellant in the former appeal of this cause and was denied. It now contends that our conclusion on the former appeal does not apply here for the reason that the record now shows (and did not on the former appeal) that it claims under John H. Kirby, who was the main defendant in the Pederson case. It further contends that the record now affirmatively shows that they are in privy with one of the parties to that law suit and, therefore, the findings of the jury in that case is conclusive against appellees on the question of John B. Lockhart's limitation title. Appellees seek to avoid the effect of the verdict of the jury in the Pederson case by resting their title on the quitclaim deed from John H. Kirby by their predecessor in title to the entire 160 acre tract without regard to the judgment in the Pederson case. With this contention of appellees we cannot agree. The record conclusively shows that appellees' title to the 107½ acres of land involved was adjudicated to them and their predecessors in title by the judgment in the Pederson case and that they have no other title thereto; John Henry Kirby, who executed the quitclaim deed to appellees for the 160 acres involved, having lost his title to the 107½ acres in the Pederson judgment. They could not thus avoid the effect of that judgment, if any it had, upon their title. Waco Bridge Co. v. City of Waco, 85 Tex. 320, 20 S.W. 137; Hanrick v. Gurley, 93 Tex. 458, 56 S.W. 330.

■ It is unquestionably the law, as contended by appellant, that a judgment of a court of competent jurisdiction is binding between the parties and their privies to the particular action litigated regarding the sub-

ject matter thereof, either as a plea in bar or evidence in estoppel as to every question actually presented and considered and upon which the court rested its decision. It is likewise conclusive on the parties in any subsequent action between the same parties upon a different subject matter as to every question actually litigated and decided in the former action. Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Stephenson et al. v. Miller Link Lumber Co., Tex.Com.App., 277 S.W. 1039. It is further the law that a judgment is binding on the parties and their privies as to questions actually decided and upon which the judgment rests whether it be rendered on insufficient evidence, or false evidence, or erroneous notions of the law. So long as the judgment stands it may be invoked as the infallible truth as between the parties and their privies. It follows that the controlling question here to be decided is whether appellant is in privity with the judgment rendered in the Pederson case. As held by us on the former appeal of this case, the title of Mattie Lockhart, if any she had, was not adjudicated in the Pederson case. Privity, as that term is used in connection with the doctrine of res judicata and kindred doctrines, relates to persons in their relation to property and not to any question independent of property, and extends no further than the particular subject matter or property, the status of which was determined by the judgment as to that particular thing, and to be a privy his rights must depend upon a title acquired of one of the parties to the litigation after that title was impressed by the result of such litigation. Such judgment fixes the status of the property, whether it was right or wrong. The personal effect of the judgment, however, is confined to the parties to the litigation. It does not attach to and become a rule of property as to any other thing than the particular subject of the controversy which was ended by the judgment. The term is applicable only to the situation of mutual succession or relation to the same right of property. The appellant here claiming no title which was adjudicated in the Pederson case, it cannot successfully contend that it is in privity with such judgment. We therefore hold as we did on the former appeal, that the appellees here were not estopped by the judgment in the Pederson case from asserting that John B. Lockhart, Sr. did not mature title by

limitation to the land involved in this suit. The jury having found on the second trial that John B. Lockhart, Sr. had not perfected title by limitation to the 160 acres of land involved, the title of Mattie Lockhart, which appellant here asserts, necessarily fails. In support of our conclusions here expressed see Am.Jur., Vol. 30, Sec. 225; Cain v. Balcom, 130 Tex. 497, 109 S. W.2d 1044; Allred v. Smith, 135 N.C. 443, 47 S.E. 597, 65 L.R.A. 924; Hart v. Moulton, 104 Wis. 349, 80 N.W. 599, 76 Am.St. Rep. 881.

Appellant's fourth point is predicated on the action of the trial court in admitting in evidence, over appellant's objections, the acknowledgment of tenancy executed by Mattie Lockhart to John H. Kirby, dated August 30, 1912, contending that such acknowledgment of tenancy was irrelevant, immaterial and prejudicial to the rights of appellant. The appellees plead that Mattie Lockhart, and those claiming under her, were estopped to assert title to the land involved in this suit by reason of having executed the acknowledgment of tenancy referred to to John H. Kirby on August 30, 1912. They offered this acknowledgment of tenancy in support of that contention. They contend it further shows that Mattie Lockhart was not claiming any interest in the land and why she did not permit herself to be made a party to the Nannie Pederson suit against John H. Kirby, and further that she claimed no interest in the judgment rendered in that case. The only question submitted to the jury was whether John B. Lockhart, Sr., had held peaceful and adverse possession of the land in question for a period of ten consecutive years, or more, prior to his death in 1894. We held in our former opinion that Mattie B. Lockhart and those claiming under her were not estopped because of this acknowledgment of tenancy. However, the appellees were not precluded from asserting this plea on a second trial of this case and the admission of such acknowledgment of the tenancy in evidence by the trial court furnishes no reason for reversing its judgment. It had no bearing upon the issue submitted to the jury and we fail to see how its admission could in any way prejudice the appellant's rights. Therefore, this point is overruled.

Finding nothing in the record which we believe to be error, the judgment of the trial court is affirmed.