W. D. WILSON, Executor of the Estate of Elizabeth C. Henwood, Deceased, Appellant,

v.

Dean Ernest HENWOOD, Appellee.

No. 6951.

Court of Civil Appeals of Texas.

Amarillo.

June 6, 1960.

Rehearing Denied June 27, 1960.

Roy Sansing, Higgins, Gibson, Ochsner, Harlan, Kinney & Morris, J. Hadley Edgar, Jr., Amarillo, for appellant.

Crow & Crow, Canadian, for appellee.

DENTON, Chief Justice.

Dean Ernest Henwood, appellee, brought this suit against appellant as executor of the estate of Elizabeth C. Henwood, deceased, for the sum of $3,078.01. The suit was based on a paragraph of Mrs. Henwood's last will and testament. Both parties filed motions for summary judgment. The trial court denied the motion for summary judgment of appellant, and granted the appellee's motion. Both parties concede there is no material issue of fact to be determined. We are therefore concerned only with questions of law.

Frank M. Henwood, father of appellee, died testate in 1932. His will named his wife, Elizabeth C. Henwood, sole executrix and contained the following language:

Paragraph VIII of his will (Tr. 27) provided:

" 'Should there be any property or money left out of the residue of my estate, as herein mentioned and described, after paying the legacies to Mrs. Stella Henwood or her heirs and to the Methodist Episcopal Church South of Higgins, Texas, that said money and property left after said payments, is hereby willed, granted and conveyed to my son, Dean Ernest Henwood, his heirs and assigns.' "

Elizabeth C. Henwood died testate in 1958 leaving a will dated April 4, 1945. Along with several specific devises to various relatives, her will contained the following paragraph:

"2. I have in my custody the sum of $3078.01 which after my death shall be paid to Dean Ernest Henwood, his heirs or assigns, in accordance with paragraph numbered VIII of the will of said Frank M. Henwood, deceased, which was heretofore admitted to probate by the county court of Lipscomb County, Texas."

In June, 1933, which was after the death of Frank M. Henwood and some 12 years before Elizabeth C. Henwood's last will was executed, appellee Dean Ernest Henwood and Elizabeth C. Henwood entered into a written agreement and conveyance. By this written instrument Mrs. Henwood conveyed the North one-half of Survey 191, Block 43, Lipscomb County, Texas, to Dean Ernest Henwood, and in addition paid him $1,000 cash, acknowledged $400 previously paid to him, and simultaneously with the delivery of the instrument she executed and delivered two notes to Mr. Henwood for $500 each. The conveyance contains this language:

"Whereas, it is considered by the parties to this instrument that the interest in the estate of said Frank M. Henwood vested or to be vested in grantee herein under said residuary paragraph numbered VIII of said will is of the reasonable value of five thousand ($5000.00) dollars, or thereabouts, and not exceeding such sum; and

"Whereas, the parties hereto have reached an agreement for the conveyance and delivery and payment to grantee herein of property and money fully equivalent in value to his interest, present or prospective, in the estate of said testator and referred to in said paragraph numbered VIII, the sum of money paid and to be paid by grantor to grantee being as follows:"

Following the description of the land and the usual habendum clause, we find the following language:

"And the grantee herein by accepting this deed acknowledges that he had received out of the estate of Frank M. Henwood, his full share and interest therein, present and prospective, and he does by these presents grant, bargain, sell and deliver to the grantor herein all of his right, title, and interest and estate in and to the property of every kind belonging to said estate and not specifically devised to him by said Frank M. Henwood, except, of course, the tract of land hereby conveyed to him; and he agrees that he will not henceforth assert any claim whatever upon or to any of the remaining portion of said estate now or hereafter to be in the hands of the grantor, whereunto he binds himself, his heirs, executors and administrators."

This instrument was duly signed and acknowledged by both Elizabeth C. Henwood anl Dean Ernest Henwood and filed of record in Lipscomb County.

In July of 1958 and after the death of Mrs. Henwood, the appellee instituted a suit against C. H. Hyde, guardian of the estate of Mrs. Henwood, in the district court of Lipscomb County as a claim against the estate of Frank M. Henwood, under paragraph VIII of his will. The trial court's judgment in that case was granted on October 18, 1958. The guardian, C. H. Hyde, was granted a summary judgment that decreed that Dean Ernest Henwood take nothing. A portion of that judgment read:

"And it appearing that the claim of the Plaintiff, Dean Ernest Henwood, for the residue interest of the Estate of Frank M. Henwood, Deceased, under Paragraph VIII of the last will and testament of Frank M. Henwood has been settled in full as shown by the deed and agreement of Dean Ernest Henwood with Elizabeth C. Henwood, individually and as executrix of the Estate of Frank M. Henwood, Deceased, dated June 20, 1933, and recorded in Volume 46, page 602, of the Deed Records of Lipscomb County, Texas."

The record reveals that no appeal was taken from that judgment and it became final.

On June 6, 1959, appellee instituted the present suit against the appellant as the executor of the estate of Elizabeth C. Henwood, praying for the recovery of the $3,078.01 referred to in paragraph number 2 of Mrs. Henwood's will, quoted above. The same trial judge who heard and disposed of the earlier case heard the present case, and upon motion of appellee granted his motion for summary judgment, allowing him the recovery of the $3,078.01 prayed for. It is from this judgment that the appellant duly perfected this appeal.

■ One of the questions to be determined here is whether or not the judgment of October 18, 1958, rendered in the case between appellee and C. H. Hyde, guardian of Mrs. Henwood, is res judicata as to the judgment in the case before us. The doctrine of res judicata is based on the fundamental doctrine that any matter once finally adjudicated should not be litigated again as between the same parties or those in privity with them. Hayward v. City of Corpus Christi, Tex.Civ.App., 195 S.W.2d 995; Allstate Ins. Co. v. Brown, Tex.Civ.App., 289 S.W.2d 300; Cain v. Balcom, 130 Tex. 497, 109 S.W.2d 1044.

In the case filed in 1958, appellee brought suit against the guardian of the estate of Elizabeth C. Henwood, and in the present case the same plaintiff brought this suit against the executor of the same estate. The estate was identical. The guardian was appointed and served during the lifetime of Mrs. Henwood. Upon her death, the appellant succeeded the guardian as the executor of Mrs. Henwood's estate under her will. Privity means the mutual or successive relationship to the same rights of

property. That is, all persons are privy to a judgment whose succession to the rights of property therein adjudicated are adjudicated or derived through or under one or the other of the parties to the actions and which accrued subsequent to the commencement of the action. Cain v. Balcom, supra; Morrison v. Cloud, Tex.Civ. App., 13 S.W.2d 735. We think it clear that there was privity between guardian C. H. Hyde and executor W. D. Wilson, appellant. The claim asserted by appellee in both cases was based on the residual of the estate of Frank M. Henwood as set out in paragraph numbered VIII of his will. When a court acquires jurisdiction of the parties and the subject matter has been determined, the plea of res judicata extends not only to the immediate parties to the suit but also to those who stand in privity with them. Ames v. Herrington, Tex.Civ.App., 139 S.W.2d 183; Long v. Chapman, Tex.Civ.App., 151 S.W.2d 879. We therefore are of the opinion and so hold that under the established rule of res judicata the previous judgment entered in Cause No. 1172 dated October 18, 1958 operated as a collateral estoppel against the appellee's claim asserted in the present case. Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526; Kirby Lumber Corp. v. Southern Lumber Co., 145 Tex. 151, 196 S.W.2d 387, 169 A.L.R. 174; Womble v. Atkins, Tex., 331 S.W.2d 294.

 Although it is not material to the disposition of this case, we deem it advisable to briefly discuss the release executed by the appellee and Elizabeth C. Henwood on June 20, 1933. The release in question was properly plead and was before the trial court in both cases. It being valid on its face, the burden was on the appellee to establish that the release was not valid. Womble v. Atkins, supra. The record before us is void of any pleadings, affidavits or evidence to even imply its invalidity. We therefore are of the opinion the trial court erred in failing to give effect to the release executed by the appellee on June 20, 1933.

In light of our views expressed concerning the two primary issues involved, we do not deem it necessary to discuss the other points of error brought forward. We concur with both parties that there is no material question of fact to be decided. Therefore, the trial court's judgment is reversed and rendered.

Reversed and rendered.