

**NUMBER 13-08-00566-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**HENRY CLAY HEIRS,**                                                        **Appellants,**

**v.**

**JAMES A. BOULIGNY AND LARRY
SALLEE, AS INDEPENDENT EXECUTOR
OF THE ESTATE OF ELSIE SALLEE,**                              **Appellees.**

---

**On appeal from the 130th District Court of Matagorda County, Texas.**

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellants, the Henry Clay Heirs (the "Clay Heirs"), appeal the 130th Judicial District Court's granting of a motion for summary judgment in favor of appellees, James A. Bouligny and Larry Sallee, as Independent Executor of the Estate of Elsie Sallee. By five issues, the Clay Heirs contend that the court erred in granting Bouligny and Sallee's motion for summary judgment premised on the doctrine of res judicata. We affirm.

# I. BACKGROUND

The underlying dispute pertains to a fifty-acre tract of land located in Matagorda County, Texas, also known as the Henry Clay Tract.[1] In 1983, Mamie Clay Washington, Pearlean Higgins, and others filed a trespass to try title suit—trial court cause number 84-C-0849-C—against Bouligny and others in the 23rd Judicial District Court in Matagorda County. Bouligny and the other defendants in trial court cause number 84-C-0849-C filed a traditional motion for summary judgment, which the trial court granted on April 10, 1990. In its summary judgment order, the 23rd Judicial District Court stated that:

> Plaintiffs [the Clay Heirs] have been duly noticed and appeared in Court represented by counsel of record.
>
> Defendant, JAMES A. BOULIGNY, is ordered to be vested with full fee simple title to the surface of the 50 acre tract of land out of the lower quarter of League No. 31, Caney Surveys, known as the Freeman George Leagues in Matagorda County, Texas, as said land is described and conveyed by Deed from L. L. Duckett et al to James A. Bouligny et al, dated March 31, 1968 of record in Volume 561, Page 613 of the Matagorda County Deed Records.
>
> Defendants, L. L. DUCKETT, J. J. DUCKETT (now JESSE JAMES DUCKETT, JR. and MARY JANE DUCKETT), and WILLIAM A CLINE, SR. (now Wm. A. CLINE, JR.[,] PEGGY C. MARR, ROBERT C. CLINE and CAROLYN CLINE)[,] are ordered vested with full fee simple title to the oil, gas, and other minerals in and to the 50 acre tract of land out of the lower quarter of League 31, Caney Surveys, known as the Freeman George

---

[1] In its order granting Bouligny and Sallee's motion for summary judgment, the trial court described the Henry Clay Tract as follows:

All that certain tract of land out of the lower quarter of League No. 31, Caney Surveys and known as the Freeman George League land, said tract of land containing Fifty (50) acres of land and is bounded as follows:

Commencing on the division line between myself and the Mrs. Armstrong land, at the West corner of the tract of land sold by me to George Harrison;

Thence S. 45 degrees E. five hundred and sixty-four varas;
Thence S. 45 degrees W. five hundred varas;
Thence N. 45 degrees W. five hundred sixty-four varas;
Thence N. 45 degrees E. five hundred varas, to the place of beginning . . . .

2

League, Matagorda County, Texas, as described and reserved in a Deed from L. L. Duckett et al to James A. Bouligny et al, dated March 31, 1968 of record in Volume 561, Page 613 of the Matagorda County Deed Records, SUBJECT to whatever interests in said oil, gas and other minerals were previous[ly] conveyed and were outstanding as of March 31, 1968 as shown by the Matagorda County Deed Records.[2]

The trial court further stated that:

Plaintiffs, being *all of the heirs of Henry Clay, Sr.*, deceased, as listed in Plaintiffs' Fourth Amended Petition[3] . . . *are ordered divested of any and all right, title or interest* in and to said 50 acre tract of land out of the lower quarter of League No. 31, Caney Surveys, known as the Freeman George Leagues as described and conveyed in a Deed from L.L. Duckett et al[.] to James A. Bouligny et al. dated March 21, 1968 of record in Volume 461,

---

[2] The April 10, 1990 order contained a handwritten edit entered by the 23rd Judicial District Court reflecting that the deed from L. L. Duckett to James A. Bouligny was dated March 21, 1968. The court also edited the volume number to reflect that the deed was located in volume 461 of the Matagorda County Deed Records. However, the above mentioned recital from the order was not changed to reflect the previous edits.

[3] The 23rd Judicial District Court listed the following individuals as heirs of Henry Clay, Sr.:

*HENRY CLAY, SR., HEIRS OF HENRY CLAY SR., DECEASED*, ROBERTA CLAY, HEIRS OF ROBERTA CLAY, DECEASED, ELLA CLAY SIMMONS, HEIRS OF ELLA CLAY SIMMONS, DECEASED, CARROLL CLAY, HEIRS OF CARROLL CLAY, DECEASED, CLIFTON CLAY, HEIRS OF CLFITON [sic] CLAY, DECEASED, EDDIE CLAY, HEIRS OF EDDIE CLAY, DECEASED, LETHA CLAY HOBBS, HEIRS OF LETHA CLAY HOBBS, DECEASED, MAGGIE CLAY, HEIRS OF MAGGIE CLAY, DECEASED, MARTHA CLAY, HEIRS OF MARTHA CLAY, DECEASED, GILES CLAY, HEIRS OF GILES CLAY, DECEASED, MARY CLAY, HEIRS OF MARY CLAY, DECEASED, *LUCY CLAY, HEIRS OF LUCY CLAY, DECEASED*, MELBE LEE FREEMAN, NATHAN CLAY, HEIRS OF NATHAN CLAY, DECEASED, NATHAN CLAY, JR., HENRY CLAY, JR., HEIRS OF HENRY CLAY, JR., JASPER CLAY, OSCAR CLAY, B.G. CLAY, SEARS CLAY, HEIRS OF SEARS CLAY, DECEASED, PEARLEE [sic] CLAY HIGGINS, FRAZIER CLAY, LEOLA CLAY CHESTER, EDWARD JAMES CLAY, RUBY V. WATSON, HEIRS OF RUBY V. WATSON, DECEASED, ROSALEE CLAY CASEY, QUEEN ESTHER CLAY ROY, CLIFTON CLAY, DOROTHY CLAY, FLORA DEAN CLAY HERNDON, GERTRUDE CLAY CHAVIS, CHARLIE CLAY, HEIRS OF CHARLIE CLAY, DECEASED, ALONIA CLAY, DAVID CLAY, HUBERT CLAY, IRA CLAY, MAGGIE CLAY DENSON, IRA JEAN CLAY ELLISON, ANNE CLAY JACKSON, MAGNOLIA CLAY HUNTER, MAMIE CLAY WASGHINGTON [sic], A.C. CLAY, CEOLIA CLAY, HENRY CLAY, JR., HEIRS OF HENRY CLAY, JR., DECEASED, MARY CLAY THOMAPSON [sic]; DORIS LEE CLAY; IRA CLAY; HUBERT CLAY, HARTFIELD, OSCAR CLAY, HEIRS OF OSCAR CLAY, DECEASED, CLERONIA MORGAN CLAY, REE FRASIER SEARS CLAY, B.T. CLAY, MAMIE CLAY WASHINGTON, HEIRS OF MAMIE CLAY WASHINGTON, DECEASED, EUGEN WASHINGTON, RUBY WASHINGTON JAMES, WILMA WASHINGTON WATKINS, SAMUEL CLAY, IDA MAE CLAY, CLAYTON DEAN CLAY, MARY ELIZABETH CLAY, IRA CLAY, JR., VANILLA CLAY SCROGGINS, DOUGLAS CLAY, HUBERT CLAY, JR., BERNICE CLAY . . . .

(Emphasis added.) The Clay Heirs, in their live pleading, identified themselves as the heirs of Henry Clay and Lucy Clay.

Page 613 of the Matagorda County Deed Records.

(Emphasis added.) The plaintiffs in trial court cause number 84-C-0849-C did not file a motion for new trial, a bill of review, or an appeal with respect to the 23rd Judicial District Court's April 10, 1990 order.

On May 7, 2003, Bouligny and Elsie Sallee filed an original petition in the 130th Judicial District Court of Matagorda County, alleging that they had adversely possessed approximately 200 acres of land from Mac C. Milner, Jr., Marlin D. Milner, and others, including the Clay Heirs. The 200 acres in dispute included parts of three tracts of land owned by three different families: (1) the Simmons 100-acre tract, known as the Berry Simmons Tract; (2) the Clay family fifty-acre tract, known as the Henry Clay Tract; and (3) the Harrison family fifty-acre tract, known as the George Harrison Tract. Bouligny and Sallee served the Simmons, Clay, and Harrison heirs by publication.[4]

The Clay Heirs filed an original answer and later filed cross-actions against Bouligny and Sallee seeking to recover possession of the land in dispute.[5] Bouligny and Sallee subsequently filed a motion to nonsuit all of their claims in their adverse possession lawsuit. The 130th Judicial District Court granted Bouligny and Sallee's motion for nonsuit on September 22, 2004. Thereafter, the court severed the cross-actions of the Clay Heirs and assigned the dispute a new trial court cause number—03-E-0287-C-A.

On October 4, 2004, Chris Williams, on behalf of several parties, filed an original

---

[4] Trial counsel for Bouligny and Sallee executed an affidavit in support of substituted service by publication stating that: "A majority of the Defendants are presumed to be deceased. In addition, the whereabouts of any heirs are also unknown to me and Plaintiffs. Attempts to locate the Defendants or their heirs by using directories have failed." Among the things attached to the affidavit was a list of 116 individuals that he had discovered were members of the Clay family and, therefore, heirs to the land in dispute.

[5] The Simmons heirs and the Harrison heirs also filed cross-actions against Bouligny and Sallee. However, neither the Simmons heirs nor the Harrison heirs are parties to this appeal.

4

petition in intervention, asserting cross-actions to quiet title to the disputed land, for damages for desecration of a cemetery located on the Henry Clay Tract, for accounting and reimbursement for oil and gas royalties received, and for continuing fraud damages.[6] Bouligny and Sallee responded to the Clay Heirs' cross-actions and the Williams cross-actions by filing a traditional motion for summary judgment, asserting the affirmative defense of res judicata.[7] Specifically, Bouligny and Sallee contended that the 23rd Judicial District Court's April 10, 1990 order vested fee simple title in the Henry Clay Tract in Bouligny and that the Clay Heir's cross-actions were an impermissible attempt to void that order.

The Clay Heirs filed a response to Bouligny and Sallee's motion for summary judgment, alleging, among other things, that: (1) a question of fact remains as to possession of the land in dispute because of the location of the Clay family cemetery and as to whether they were in continuous possession of the land; (2) they did not receive proper notice in trial court cause number 84-C-0849-C; (3) they were Bouligny's cotenants; and (4) the April 10, 1990 order is void because all proper parties were not served, Pearlean Higgins and Mamie Clay Washington misrepresented to the 23rd Judicial District Court that they represented all of the Clay Heirs, the deeds relied upon by Bouligny and

---

[6] In his original petition in intervention, Chris Williams identified himself as a Clay heir and stated that he was filing suit on behalf of the following individuals:

> Louis Herndon, Jarvis Herndon Times, Rhonda Herndon, Arvin Herndon, Sheryl Herndon Ashton, Carolyn Herndon, Linda Herndon Godley, Oliver Johnson, Jr., Rosa Lee Clay Casey, Frasier Sear Clay, Jr., Clifton Clay, and Geneva Jones (the heirs of Henry Clay and son Sear Clay) AND Lowell Wayne Roy, Stella Kay Byrd, Clevona "Roy" Adams, Thurman Roy, Pam Roy, Rene Roy, Gladys Fay "Roy" Wilson, Carl Lee Roy, Sr., Evangela Roy, James Roy, Helen Pinkston, Myrtle Hudgins, Donnell Roy, Ethel Clay, Cleveland O. Roy, Helen Pinkston, Emmagene Clay Ellison, Maggie Clay Denison, Darlene Roy Marshall, Jeaniece Roy Harris, Johnnie Mae Davis, Vanilla C. Scroggins, [and] Bernice Clay Johnson . . . .

[7] We collectively refer to the Clay Heirs and the parties listed in the Williams plea in intervention as the Clay Heirs.

others in the original trespass to try title suit were deficient, and the 23rd Judicial District Court did not have the authority to divest the Clay Heirs of right and title to the property.

The 130th Judicial District Court granted the motion for summary judgment filed by Bouligny and Sallee on August 4, 2008. The Clay Heirs filed a motion for new trial on August 26, 2008, which was denied on September 9, 2008. This appeal followed.

## II. STANDARD OF REVIEW

The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive litigants of the right to a trial by jury. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App.–Corpus Christi 2003, no pet.). We review a trial court's grant or denial of a traditional motion for summary judgment under a de novo standard of review. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.7 (Tex. 2005) (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 290 n.137 (Tex. 2004)); *Alaniz*, 105 S.W.3d at 345.

To obtain relief via a traditional motion for summary judgment, the movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Mowbray v. Avery*, 76 S.W.3d 663, 690 (Tex. App.–Corpus Christi 2002, pet. denied). After the movant produces evidence sufficient to show it is entitled to summary judgment, the non-movant must then present evidence raising a fact issue. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In deciding whether there is a disputed fact issue that precludes summary judgment, evidence favorable to the non-movant will be taken as true. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)). Evidence favorable to the

6

movant, however, will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex. 1965). Moreover, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Grinnell*, 951 S.W.2d at 425 (citing *Nixon*, 690 S.W.2d at 549).

### III. ANALYSIS

On appeal, the Clay Heirs assert that the April 10, 1990 order is void because: (1) it contained an inadequate description of the land in dispute; (2) the 130th Judicial District Court's description of the land varied from the description in the April 10, 1990 order; (3) several Clay Heirs were allegedly unserved, and these individuals were indispensable parties in trial court cause number 84-C-0849-C; (4) an attorney ad litem was allegedly not appointed to represent the served and unserved Clay Heirs in trial court cause number 84-C-0849-C; and (5) the Clay Heirs and Bouligny were cotenants. Bouligny and Sallee argue that they proved each and every element of the affirmative defense of res judicata as a matter of law, thus entitling them to summary judgment. They further argue that the Clay Heirs' claims constitute an impermissible collateral attack on the April 10, 1990 order.

## A. Res Judicata

Because res judicata is an affirmative defense, *see* TEX R. CIV. P. 94, we must determine whether Bouligny and Sallee met their burden of establishing that they were entitled to judgment as a matter of law by affirmatively establishing each element. *See id.* at R. 166a(c); *Sw. Elec. Power Co.*, 73 S.W.3d at 215. Res judicata precludes claims by parties on matters actually litigated in a previous suit, as well as "causes of action and defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex. 1992) (quoting

*Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979)). The party claiming res judicata must establish the following: (1) a prior and final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

**B. Prior and Final Judgment on the Merits by a Court of Competent Jurisdiction**

In their traditional motion for summary judgment, Bouligny and Sallee assert that the 23rd Judicial District Court in Matagorda County was a court of competent jurisdiction because the land in dispute was located in Matagorda County. *See* TEX. PROP. CODE ANN. § 15.011 (Vernon 2002) (stating that actions involving the recovery of real property or to remove encumbrances from the title to real property must be brought in the county in which the property is located). They attached several deeds pertaining to the transfer of the land in dispute and a copy of a survey detailing the boundaries of the land in dispute, both of which indicated that the land was located in Matagorda County. We find that, because the land in dispute is located in Matagorda County, the 23rd Judicial District Court had jurisdiction over the land in dispute. *See id.* Bouligny and Sallee also attached copies of the April 10, 1990 order, the Clay Heirs' live pleading filed on December 13, 2006, and the Williams plea in intervention filed on October 4, 2004. The April 10, 1990 order predates both the Clay Heirs' live pleading and the Williams plea in intervention in this matter, and it is undisputed that it is a final judgment. Accordingly, the first prong of res judicata is satisfied. *See Amstadt*, 919 S.W.2d at 652.

**C. Identity of the Parties**

8

Generally, parties are not bound by a judgment in a suit to which they were not parties. *See id.* at 652 (citing Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 37.006(a)). The doctrine of res judicata creates an exception to this rule by prohibiting a second suit arising out of the same subject matter on an earlier suit by those in privity with the parties to the original suit. *See id.* (citing *Crow Iron Works*, 582 S.W.2d at 771-72). The purposes of this exception are to ensure that a "defendant is not twice vexed for the same acts, and to achieve judicial economy by precluding those who have had a fair trial from relitigating claims." *Id.* (citing *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361, 363 (Tex. 1971)).

Parties can be in privity in at least three ways: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Id.* (citing *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992); *Benson*, 468 S.W.2d at 363). To determine whether subsequent plaintiffs are in privity with prior plaintiffs, we must examine the interests the parties shared. *Id.* (citing *Tex. Real Estate Comm'n v. Nagle*, 767 S.W.2d 691, 694 (Tex. 1989)). "Privity exists if the parties share an identity of interests in the basic legal right that is the subject of litigation." *Id.* Res judicata bars a second lawsuit even if the second plaintiffs do not allege causes of action identical to those asserted by the first plaintiffs. *Id.*

In his motion for summary judgment, Bouligny referenced the April 10, 1990 order which stated that "all of the heirs of Henry Clay, Sr." were "ordered divested of any and all right, title or interest in and to said 50 acres tract of land . . . " and established that the Clay Heirs were in privity with the original plaintiffs as successors in interest. *See id.*

"'All persons are privy to a judgment whose succession to the rights of property

9

therein adjudicated are derived through or under one or the other of the parties to the action, and which accrued subsequent to the commencement of the action.'" *Id.* (quoting *Kirby Lumber Corp. v. S. Lumber Co.*, 145 Tex. 151, 196 S.W.2d 387, 388 (1946); *Cain v. Balcom*, 130 Tex. 497, 109 S.W.2d 1044, 1046 (1937)). As a matter of law, the Clay Heirs were in privity with the original plaintiffs because they would have succeeded to the property rights of "the heirs of Henry Clay, Sr." had the 23rd Judicial District Court not divested them of those rights. *See id.* ("'Privity, in this connection, means the mutual or successive relationship to the same rights of property.'") (quoting *Kirby Lumber Corp.*, 196 S.W.2d at 388)). Moreover, as the supreme court held in *Crow Iron Works*, "one acquiring an interest in the property involved in a lawsuit takes the interest subject to the parties' rights as finally determined by the court." 582 S.W.2d at 771. Accordingly, the second prong of res judicata is satisfied. *See Amstadt*, 919 S.W.2d at 652.

## D. The Character of the Claims Raised in the Second Lawsuit

In determining whether res judicata bars a subsequent lawsuit, Texas follows the "transactional" approach of the Restatement (Second) of Judgments section 24. *Barr*, 837 S.W.2d at 631; *see* RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). The transactional approach "provides that a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr*, 837 S.W.2d at 631 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(1)). A "'transaction or series of connected transactions' connotes a natural grouping or common nucleus of operative facts." RESTATEMENT (SECOND) OF JUDGMENTS § 24 cmt. b. In deciding whether a common nucleus of operative facts exists, we look to the factual predicate of the claims asserted and not the legal theory claimed by the plaintiff. *Collins*

10

*v. City of Corpus Christi*, 188 S.W.3d 415, 424 (Tex. App.–Corpus Christi 2006, no pet.). We determine whether a transaction or series of transactions exist by "pragmatically, 'giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage.'" *Barr*, 837 S.W.2d at 631 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2)). "A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim or claims in the prior litigation." *Id.* at 630.

In their motion for summary judgment, Bouligny and Sallee alleged that the Clay Heirs' claims in the instant matter involve the same facts as those asserted in the original 1983 action. In support of this contention, Bouligny executed an affidavit stating the following:

> I was a Defendant in Cause No. 84-C-0849-C styled Mamie Clay Washington and Pearlean Higgins, et al[.] v. Reuben W. Polk, et al[.] in the 23rd Judicial District Court of Matagorda County, Texas wherein the Court's judgment entered on March 26, 1990[8] ordered that all of the heirs of Henry Clay, Sr. were divested of any right, title or interest in and to a 50 acre tract of land out of the lower quarter of League No. 31, Caney Surveys, known as the Freeman George League, Matagorda County, Texas (hereinafter referred to as the "1990 judgment"). . . . I am a Plaintiff/Cross-Defendant in the above-referenced cause of action involving, in part, a 50 acre tract of land referred to as the Henry Clay 50 Acre Tract. This 50 acre tract of land is the same 50 acre tract of land described in the 1990 judgment.

*See* TEX. R. CIV. P. 166a(c); *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex. App.–Texarkana 2000, no pet.) (noting that an affidavit that is clear, positive, direct, credible, free from contradiction, and could have been readily controverted can serve as

---

[8] The April 10, 1990 order states that on March 26, 1990, the 23rd Judicial District Court heard arguments on the original motion for summary judgment. The record indicates that the order was signed on April 10, 1990. Regardless, it is clear that Bouligny, in his affidavit, is referencing the April 10, 1990 order on the original motion for summary judgment.

11

competent summary judgment proof); *see also Galvan v. Pub. Utils. Bd.*, 778 S.W.2d 580, 583 (Tex. Civ. App.–Corpus Christi 1989, no writ) (holding that an uncontroverted affidavit of an interested party will support a summary judgment in the absence of a controverting affidavit). In their live pleadings, both the Clay Heirs and the Williams parties requested that the 130th Judicial District Court declare the April 10, 1990 order void, award them ownership of the Henry Clay Tract, and award them damages for oil and gas royalties they did not receive and for desecration of a cemetery located on the property as a result of Bouligny's occupation of the land.

Applying the transactional approach to res judicata, which requires any cause of action arising out of the same facts to be litigated in the same lawsuit if practicable, *Barr*, 837 S.W.2d at 630-31, we conclude that the present allegations merely assert new theories based on the same nucleus of operative facts—ownership of the Henry Clay Tract—previously considered by the 23rd Judicial District Court. *See Barr*, 837 S.W.2d at 631; *see also Collins*, 188 S.W.3d at 424. Furthermore, after examining the factual basis of the claims "pragmatically, 'giving weight to such consideration as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage,'" we conclude that the two actions constitute the same cause of action for res judicata purposes. *See Barr*, 837 S.W.2d at 631.

Because Bouligny and Sallee have established their affirmative defense of res judicata, and because the Clay Heirs have not raised an issue of material fact, Bouligny and Sallee are entitled to summary judgment as a matter of law on that basis. *See* Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Mowbray*, 76 S.W.3d at 690.

12

Therefore, the trial court did not err in granting summary judgment based on res judicata in favor of Bouligny and Sallee. Accordingly, we overrule all of the Clay Heirs' issues on appeal.[9]

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 26th day of March, 2009.

---

[9] In light of our disposition, we need not address the merits of the Clay Heirs' issues. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) ("Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit."); *see also* TEX. R. APP. P. 47.1.